STATE OF NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
) SUPERIOR COURT DIVISION
COUNTY OF FORSYTH ) 19 CVS 2815
)
JONATHAN DUCHAC, )
)
    Plaintiff )
)
vs. ) **COMPLAINT**
) **(CMPLT)**
CENGAGE LEARNING, INC., )
)
    Defendant. )

NOW COMES Plaintiff Jonathan Duchac ("Duchac") and complaining of Defendant Cengage Learning, Inc. ("Cengage"), alleges and says as follows:

1. Plaintiff is an individual citizen and resident of Arden, Buncombe County, North Carolina. Dr. Duchac is the Hylton Professor of Accounting at Wake Forest University School of Business in Winston-Salem, North Carolina and conducts his professional business in both Arden and Winston-Salem, North Carolina.

2. On information and belief, Defendant Cengage is a corporation organized and existing under the laws of some state other than North Carolina with an office and principal place of business at 20 Channel Center Street, Boston, Massachusets, but in fact doing business throughout the United States, including in North Carolina, via internet and other means.

3. Cengage is a publisher, seller and distributor of textbooks and learning materials, focusing on the provision of academic materials for use in institutions of higher learning.

4. Historically Cengage and its predecessors in interest as to to the contract at issue herein, have obtained publishing agreements with academic scholars, often professors, pursuant to which the author agrees to produce a text book for the publisher, and transfers some or all of

his or her copyright rights to the publisher. Cengage in turn agrees to publish, market, sell and distribute the work, paying to the author a per-sale percentage royalty on the net revenue of his or her work (such agreements being called "Publishing Agreements").

5.  As a learned professional and professor in accounting and business at Wake Forest University, Plaintiff was approached by Defendant's predecessor in interest, Thomson South-Western Publishing Company of Cincinnati, Ohio ("South-Western Publishing") in or about the fall of 2005. South-Western Publishing asked Plaintiff about joining the author team of a prior published work for the purpose of preparing a new edition thereto. Plaintiff and South-Western Publishing then entered into an addendum to a prior agreement with Mr. Duchac and the prior authors of two works, one entitled "Accounting" (ISBN: 0-324-40184-1) and the other "Financial Accounting" (ISBN: 0-324-18803-X) (the "First Addendum"). Said addendum modified the original Agreement between South-Western Publishing and the earlier author team, which did not involve Professor Duchac, to include him as an author and a recipient of a portion of the total royalty to be paid to the authors. The original Agreement, dated October 7, 1991 is attached hereto as **Exhibit A**. The First Addendum is attached hereto as **Exhibit B**.

6.  Pursuant to the First Addendum, Professor Duchac participated in the authorship of existing works adding additional value and created content thereto in return for receiving a one percent right to the royalties of those editions.

7.  Pursuant to the original Agreement, to which Professor Duchac is now a party pursuant to the First Addendum:

> …the Author will, if called upon by the Publisher, revise it for new editions while this Agreement is in effect and will supply any new matter that may be needful to that end. In the event of the Author declining or neglecting or being unable by reason of death otherwise to revise the Work or supply new material where needful, the Publisher may procure some other person or persons to revise the Work or new subject matter; and in such revised edition may describe such

person(s) as co-author(s). Compensation to such person(s) may be by fee or royalties and such compensation will be deducted from the author's royalties.

8. Neither the Agreement nor the First Addendum contemplate a situation where the Author or Authors, ready willing and able to participate in subsequent editions, could nonetheless be excluded from that opportunity.

9. The Agreement has been modified twice more since the First Addendum. Such modifications were (a) On or about January 1, 2008, to add another royalty for Professor Duchac on another work (**Exhibit C**), and (b) on or about July 2, 2009, to add Professor Duchac as a listed author for multiple editions of the books on which he worked under the Agreement, including but not limited to editions 24, 25, 26, and 27, as well as different versions of the Work: Accounting, Financial and Managerial Accounting, Corporate Financial Accounting, Financial Accounting, and Managerial Accounting, and specify the royalties to be paid. (**Exhibit D**) The three addenda are hereinafter collectively referred to as "the Addenda".

10. The Agreement and all Addenda were drafted by South-Western Publishing Company, or its predecessors or assignees and/or its/their counsel.

11. At all times since the execution of the First Addendum, Professor Duchac has been ready, willing and able to participate in any revisions to Accounting, Financial and Managerial Accounting, Financial Accounting, Corporate Financial Accounting, Managerial Accounting, and any subsequent editions of any such works he produced or worked on pursuant to the Agreement (the "Work"). Professor Duchac has so informed Defendant.

12. Subsequent to the execution of the Addenda, the publishers' rights, duties and obligation under both the Agreement and Addenda were assigned to Defendant by South-Western Publishing Company.

13. Up to and through February 28, 2019, Defendant provided reports which purport to reflect sales and royalties due for the Work, and tendered a check for the amount which Defendant computed was due to the Plaintiff royalties on sales of the Work. Defendant has not, however, provided any backup documentation to establish the accuracy of said computations.

14. On information and belief, at some time in 2016, Defendant made the determination, contrary to the contractual rights of the parties and Professor Duchac's reasonable expectations, to unilaterally terminate Professor Duchac's involvement in planned new revision of any of the Work produced by Plaintiff pursuant to the Agreement and Addenda.

15. When informed of this plan, Professor Duchac reminded Defendant that his work product and efforts were imbedded in the editions on which he participated, and would therefore be inextricably involved in the future editions, and further that he stood ready, willing and able to participate as contemplated by the Agreement still in effect between the parties in any further editions.

16. Consistent with its threat to unilaterally suspend payments due to Professor Duchac on certain of the Works, including Financial and Managerial Accounting, Corporate Financial Accounting, and Managerial Accounting, in February of 2019, when the payments for second half 2018 would normally have been paid to Professor Duchac he did not receive any payment.

17. Despite demand from Professor Duchac, Defendant has failed, neglected and refused to honor its obligation to pay his royalty.

18. In addition, Defendant unilaterally and without the agreement of Plaintiff made the decision to launch a new marketing approach, which it called "Cengage Unlimited". Under this approach, Defendant bundled various publications and allowed third parties to access those publications on-line in an unlimited fashion, without paying fees or royalties for the individual

BTM:742199v2

Case 1:19-cv-00581   Document 4   Filed 06/10/19   Page 4 of 7

books being so accessed. In so doing, Defendant reneged on the Agreement and instituted a new approach to royalty payments without Plaintiff's consent, and without explaining the approach to Plaintiff.

19. Defendant's new "Cengage Unlimited" model has not been agreed to by Plaintiff. It substantially undermines Plaintiff's rights by lumping the Works in with a plethora of other products. It utilizes Plaintiff's work product as a lure and incentive to third parties to buy other products with which Plaintiff has no involvement and from the sale or use of which Plaintiff derives no right to royalties.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

20. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth anew.

21. An actual case or controversy exists between the parties as to their rights under the Agreement and Addenda.

22. Plaintiff is entitled, under N.C. Gen. Stat. §1-253 et seq. to a Declaratory Judgment that he is entitled to royalties under the current editions and any future editions of the Work, so long as he is ready, willing, and able to participate in providing revisions and supply requested new matter.

23. Plaintiff is entitled to an Order directing Defendant to resume payments and continue payments to Plaintiff for so long as any publication containing any portion of the Work is sold.

24. Plaintiff is further entitled to a Declaratory Judgment that the imposition of Cengage Unlimited is in derogation of his contractual rights, and may only be instituted through agreement with Plaintiff.

BTM:742199v2

## SECOND CAUSE OF ACTION:
## ACCOUNTING

25. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth anew.

26. Plaintiff is entitled to a full accounting of the amounts due for his work under the Agreement and the Addenda, and to payment thereof.

## THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT

27. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth anew.

28. Defendant's action as set forth above, and specifically in refusing to pay the royalties due to Plaintiff, constitutes a breach of contract.

29. Plaintiff is entitled to an award of damages for the missed payments to date by virtue of Defendant's refusal to pay the royalties due, in an amount to be proved at trial but including but not limited to payments due beginning January 1, 2019.Plaintiff is also entitled to a directive to Defendant to resume payments under the contract.

## FOURTH, ALTERNATIVE, CAUSE OF ACTION:
## QUANTUM MERUIT

30. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth anew.

31. In the alternative to his breach of contract claim, Plaintiff is entitled to an award of damages for the fair value of his work by Defendant in the Cengage Unlimited program, utilized without his consent.

WHEREFORE, for the foregoing reasons Plaintiff prays the court as follows:

1. Determine that Defendant has an obligation under the contract to pay royalties on the sales of the Work consistent with the contract for the current and all future editions, and order that Defendant resume making such payments in the future\

2. Determine that Defendant may not unilaterally impose the Cengage Unlimited program and revise its method of paying Plaintiff, without Plaintiff's consent after full disclosure of the program and its economic impact on him;

3. Award Plaintiff an amount to be proved at trial representing the missed payments, together with interest at the legal rate;

4. Direct that Defendant provide an accounting and for such necessary background information as it necessary to determine that it is properly computing and paying the royalties due;

5. Tax the cost of this action against Defendant; and

6. Award such other and further relief as to the court may seem just and proper.

This, the 9th of May, 2019.

PETER J. JURAN
N.C. Bar No. 13566
*Attorney for Plaintiff*

OF COUNSEL:
BLANCO TACKABERY & MATAMOROS, P.A.
P. O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
Email: pjj@blancolaw.com

BTM:742199v2